IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CT-3092-FL

| | |
|---|---|
| GEORGE R. EVANS, SR., | ) |
| Plaintiff, | ) |
| v. | ) |
| CITY OF JACKSONVILLE, NORTH CAROLINA, POLICE CHIEF MICHAEL YANIERO, CAPT. JASON BETTIS, SGT. J.N. KELLER, RICHARD WOODRUFF, CAPTAIN DORN, and BRIAN EDES, | ) ORDER |
| Defendants. | ) |

This matter is before the court on defendants' motion for summary judgment (DE 77), filed pursuant to Federal Rule of Civil Procedure 56. The motion was fully briefed and thus the issues raised are ripe for decision. For the reasons stated below, the motion is granted and plaintiff's claims are dismissed with prejudice.

**STATEMENT OF THE CASE**

On April 18, 2016, plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff primarily alleges defendants retaliated against him for filing civil lawsuits against members of the Jacksonville, N.C. police department ("Jacksonville police department") in violation of the First Amendment to the United States Constitution, and that defendants Keller and Edes disclosed that he was working as a confidential information. Plaintiff seeks compensatory and punitive damages, and an injunction directing defendants to stop disclosing

the names of confidential informants.

On November 7, 2016, the court conducted its frivolity review of plaintiff's complaint and directed plaintiff to file amended complaint particularizing his claims. Plaintiff timely filed the amended complaint. On December 2, 2016, the court dismissed the action without prejudice because plaintiff had incurred three strikes under the Prison Litigation Reform Act ("PLRA"). See 28 U.S.C. § 1915(g).[1] Plaintiff thereafter filed motion to alter or amend judgment, requesting that the court vacate the judgment because he intended to pay the filing fee. On March 28, 2017, plaintiff paid the filing fee, and the court thereafter reinstated the action.

On May 8, 2017, the court conducted its frivolity review of plaintiff's amended complaint and allowed the matter to proceed as to the named defendants. The court, however, dismissed plaintiff's claims against defendants Dorn and Edes because plaintiff did not name them as defendants in the amended complaint. On May 17, 2017, plaintiff filed motion to amend the complaint seeking to reinstate claims against defendants Dorn and Edes, which the court subsequently granted. Defendants filed answers to plaintiff's amended complaint in July and September 2017. On October 5, 2017, the court entered case management order governing discovery and dispositive motions practice. The parties completed discovery, including written discovery and plaintiff's deposition, on or about February 20, 2018.

On April 16, 2018, defendants filed the instant motion for summary judgment, arguing they are entitled to judgment as a matter of law on each of plaintiff's claims. In support of the motion, defendants filed memorandum of law, statement of material facts, and affidavits of defendants Edes

---

[1] The PLRA provides that a prisoner cannot proceed in forma pauperis in a federal civil action if he has had three or more cases dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

2

and Keller. Plaintiff filed response in opposition on June 1, 2018, which included memorandum of law, statement of undisputed material facts, plaintiff's declaration, excerpts from plaintiff's deposition, and defendants' responses to plaintiff's written discovery requests.

## STATEMENT OF FACTS

The court recounts the facts in the light most favorable to plaintiff. In March 2013, officers with the Jacksonville police department arrested plaintiff for possession of cocaine, possession of drug paraphernalia, and carrying a concealed weapon. State v. Evans, __ N.C. App. __, 795 S.E.2d 444, 447-48 (2017). At the time, defendant Bettis was a captain with the Jacksonville police department. (Am. Compl. Ex. A (DE 12-1)). On June 27, 2013, defendant Bettis emailed the prosecutor and stated the following: "[plaintiff] has sued the department over civil rights issues in relationship to [the drug and weapon charges]. We respectfully request that you do NOT plea bargain with Mr. Evans and take the case to trial." (Id.) Defendant Dorn is a captain with the Jacksonville police department, and he allegedly sent similar emails to the prosecutor requesting that plaintiff not receive plea offers because he filed civil lawsuits against the department. (See Mot. Am. Compl. (DE 22) at 2-3).[2]

Defendant Keller is also an officer with the Jacksonville police department. (Am. Compl. (DE 12) § V). Plaintiff alleges defendant Keller "gave out confidential info[rmation] to several [Jacksonville police department] officers [including] that I gave up confidential info[rmation] about [a drug dealer] who was busted for drug sales." (Id.) Defendant Keller also disclosed that plaintiff was working as a confidential informant to various assistant district attorneys and other private

---

[2]Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

3

attorneys. (Id.; Pl.'s Decl. (DE 82-2) ¶¶ 8, 10-12, 25). Plaintiff alleges defendant Keller released this information "to intimidate me into not testifying against the police in [a lawsuit plaintiff filed against the Jacksonville police department.]" (Am. Compl. (DE 12) § V).

Defendant Yaniero is the Jacksonville police chief, and defendant Woodruff is the Jacksonville city manager. (Id.) Plaintiff informed both of these defendants about defendant Keller's disclosure that plaintiff was a confidential informant, but they did not investigate plaintiff's claims, discipline defendant Keller, or otherwise make any changes in policing policy. (Id.)

Defendant Edes is a private attorney who has represented Jacksonville police department officers in previous civil lawsuits plaintiff has filed against the officers. (Mot. Am. Compl. (DE 22) at 1-2). According to plaintiff, defendant Edes helped defendant Keller "cover up" Keller's criminal conduct, and instructed Jacksonville police officers to commit perjury in plaintiff's criminal prosecution and his civil lawsuits. (Id.; Pl.'s Decl. (DE 82-2) ¶¶ 15-17). Defendant Edes also allegedly attempted to intimidate plaintiff into not testifying against Jacksonville police officers in a civil lawsuit by asking him about his status as a confidential informant at a deposition. (Mot. Am. Compl. (DE 22) at 2-3; Pl.'s Dep. Tr. (DE 83-1) at 8:14-18).

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

4

nonmoving party "may not rest upon the mere allegations or denials of his pleading" but "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248-49; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party thus "bears the burden of showing, by means of affidavits or other verified evidence, that [a] genuine dispute of material fact exists." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

Defendants raise the affirmative defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when 1) the plaintiff has not demonstrated a violation of a constitutional right, or 2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232, 236 (2009). The court may proceed directly to the clearly established prong without first resolving whether the plaintiff has established a constitutional violation. Id.

In determining whether the right at issue was clearly established, the court must define "the right allegedly violated ... at the appropriate level of specificity." Wilson v. Layne, 526 U.S. 603, 615 (1999). This does not mean that "the exact conduct at issue [must] have been held unlawful for the law governing an officer's actions to be clearly established." Amaechi v. West, 237 F.3d 356,

362 (4th Cir. 2001). Rather, the court's analysis must take into consideration "not only already specifically adjudicated rights, but those manifestly included within more general applications of the core constitutional principle invoked." Id. at 362–63 (quotation marks). The right allegedly abridged is "clearly established" for qualified immunity purposes if

> [t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right. That is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citation omitted).

1. Defendants Dorn and Bettis

Defendants Dorn and Bettis provided a recommendation to the assigned prosecutor that plaintiff not receive a plea offer in his then-pending prosecution for drug and weapon offenses because plaintiff filed a civil rights action against the Jacksonville police department. Plaintiff alleges these actions violated his First Amendment right to be free from retaliation for filing civil lawsuits.

Plaintiff has a First Amendment right "to appeal to courts and other forums established by the government for resolution of legal disputes." Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 386 (2011). And "the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for [exercising First Amendment rights]." Hartman v. Moore, 547 U.S. 250, 256 (2006). To establish a First Amendment retaliation claim, plaintiff must show "(1) [he] engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and

6

the defendants' conduct." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005).

Where, as here, the plaintiff alleges retaliatory criminal prosecution, the plaintiff must show the prosecutor pursued the charges despite an absence of probable cause to establish the causation element. See Hartman, 547 U.S. at 263-66 (discussing retaliatory prosecution claim). In Hartman, the Supreme Court explained that unlike traditional retaliation actions, the claim in retaliatory prosecution cases is that the defendant induced a third party (the prosecutor) to retaliate against the plaintiff. Id. at 262. In order "to bridge the gap between the nonprosecuting government agent's motive and the prosecutor's action" the plaintiff must establish absence of probable cause for the prosecution "as an element of [the claim]." Id. at 263, 265-66; see also Scott v. Tempelmeyer, 867 F.3d 1067, 1070-71 (8th Cir. 2017).

Plaintiff's claim against defendants Dorn and Bettis falls squarely within the rule established by Hartman. As noted, defendants Dorn and Bettis allegedly retaliated against plaintiff by recommending that he not receive a plea in his criminal prosecution for drug and weapon offenses.[3] Thus, "the defendant [is] a nonprosecutor . . . who may have influenced the prosecutorial decision but did not himself make it . . . ." Hartman, 547 U.S. at 262.

Plaintiff therefore must establish the prosecutor did not have probable cause to pursue plaintiff's criminal prosecution to proceed with his claim against defendants Dorn and Bettis. Id. at 265-66; Scott, 867 F.3d at 1070-71. Plaintiff does not dispute, however, that he was convicted of the subject drug and weapon offenses after a jury trial and that his convictions were affirmed on

---

[3]Notably, the prosecutor generally enjoys complete discretion regarding whether to offer a plea arrangement to a defendant. Mabry v. Johnson, 467 U.S. 504, 507 (1984), disapproved on other grounds, Puckett v. United States, 556 U.S. 129, 138 n.1 (2009); Weatherford v. Bursey, 429 U.S. 545, 560-61 (1977).

direct appeal. See Evans, 795 S.E.2d at 448, 456. Accordingly, plaintiff cannot establish absence of probable cause for the prosecution in this civil rights action. See Heck v. Humphrey, 512 U.S. 477, 484 (1994) (holding that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise declared invalid); see also Hoover v. McDowell Cnty., No. 96-2566, 1998 WL 398825, at *3 (4th Cir. June 15, 1998) (citing Myrick v. Cooley, 91 N.C. App. 209, 213 (1988) (noting that under North Carolina law, conviction in the trial court conclusively establishes existence of probable cause absent a showing that the conviction was procured by fraud or other unfair means).

Alternatively, defendants Dorn and Bettis are entitled to qualified immunity because the right asserted by plaintiff was not clearly established in June 2013, when defendants Dorn and Bettis communicated their recommendation to the prosecutor. As noted, the constitutional right at issue must be defined at the appropriate level of specificity, such that the "contours" of the right would be clear to a reasonable official. Anderson, 483 U.S. at 640; see also Reichle v. Howards, 566 U.S. 658, 665 (2012). Plaintiff has not cited, and the court has not found, case law suggesting he has a right to be free from retaliatory prosecution in these circumstances, particularly where the prosecution was supported by probable cause. As set forth above, the officers in this case reasonably could have concluded their communications with the prosecutor were lawful under Hartman. See Reichle, 566 U.S. at 667-68 ("A reasonable official could have interpreted Hartman's rationale to apply to retaliatory arrests.").

In sum, defendants Dorn and Bettis are entitled to qualified immunity where plaintiff has failed to establish a violation of his constitutional rights, or, alternatively, the right at issue was not

clearly established at the time of the alleged conduct.

2. Defendant Keller

Plaintiff alleges defendant Keller disclosed his identity as a confidential informant in violation of the Fourteenth Amendment.[4] Generally, a state's failure to protect an individual against private violence does not constitute a violation of the Fourteenth Amendment's Due Process Clause. DeShaney v. Winnebago Cnty. Dep't of Social Serv., 489 U.S. 189, 197-98 (1989). One exception to this rule, however, is the state-created danger doctrine. "To establish § 1983 liability based on a state-created danger theory, a plaintiff must show that the state actor created or increased the risk of private danger, and did so directly through affirmative acts, not merely through inaction or omission." Doe v. Rosa, 795 F.3d 429, 439 (4th Cir. 2015); see also Pinder v. Johnson, 54 F.3d 1169, 1177 (4th Cir. 1995).

Plaintiff has not established a Fourteenth Amendment state-created danger claim. The record evidence at most establishes defendant Keller disclosed plaintiff's status as a confidential informant to certain district attorneys and other Jacksonville police department officers.[5] (See, e.g., Pl.'s Decl. (DE 82-2) ¶¶ 8, 12, 25; Keller Decl. (DE 77-2) ¶ 6). There is no evidence, however, that such persons presented a risk of harm to plaintiff. Indeed, defendant Keller reasonably may assume that his fellow officers and the assistant district attorneys will not to disclose that plaintiff is a confidential informant to drug dealers or other criminals. Accordingly, on this record, plaintiff

---

[4]Plaintiff was not convicted of any crime at the time of the alleged failure to protect. Thus, the Fourteenth Amendment and not the Eighth Amendment is applicable to this claim. See Graham v. Conner, 490 U.S. 386, 392 n.6 (1989) (stating that Eighth Amendment protections do not attach until after conviction and sentence).

[5]Plaintiff's amended complaint alleges defendant Keller told a suspected drug dealer plaintiff was the confidential source identified in a search warrant, but plaintiff has produced no competent summary judgment evidence supporting such claim. See Bouchat, 346 F.3d at 522 (party may not rely on unverified pleadings to defeat motion for summary judgment).

9

cannot establish defendant Keller "created or increased the risk of private danger." Doe, 795 F.3d at 439; see also Summar v. Bennett, 157 F.3d 1054, 1059 n.2 (6th Cir. 1998) (police disclosure of plaintiff's status as confidential informant for inclusion in indictment of third party did not create or increase the risk of private violence to the plaintiff); Gatlin ex. rel. Gatlin v. Green, 227 F. Supp. 2d 1064, 1075 (D. Minn. 2002) ("There is no explicitly recognized right to security from violence for confidential police informants."), aff'd, 362 F.3d 1089 (8th Cir. 2004). Because plaintiff has not established defendant Keller violated his constitutional rights by disclosing that he worked as a confidential informant, defendant Keller is entitled to qualified immunity on plaintiff's Fourteenth Amendment claims.

   3.   Defendant Edes

As noted, defendant Edes is a private attorney who has represented the City of Jacksonville and certain Jacksonville police officers in civil rights lawsuits, some of which were filed by plaintiff. Plaintiff alleges defendant Edes helped defendant Keller "cover up" Keller's criminal conduct, and instructed Jacksonville police officers to commit perjury in plaintiff's criminal case and his civil lawsuits. (Mot. Am. Compl. (DE 22) at 1-2). Defendant Edes also allegedly attempted to intimidate plaintiff into not testifying against Jacksonville police officers in his civil lawsuits by asking him about his status as a confidential informant at a deposition. (Id. at 2-3; Pl.'s Dep. Tr. (DE 83-1) at 8:14-18).

A private attorney is not a state actor and is therefore not amenable to suit under § 1983 except in certain narrow circumstances, none of which apply here. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-19 (1981); Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 181-82 (4th Cir. 2009) (identifying situations in which conduct by a private actor constitutes "state action"); see also

Limehouse v. Delaware, 144 F. App'x 921, 923 (3d Cir. 2005) (holding private attorney is not a state actor even where the alleged unconstitutional conduct was undertaken during representation of state actors). While it is true that a private party may be considered a state actor if he conspires with a state official to violate the plaintiff's constitutional rights, the plaintiff bears a "weighty burden" to establish such a claim and "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (stating rule that plaintiff can establish state action by showing conspiracy between defendant and state actor to violate plaintiff's constitutional rights); Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996) (discussing burden of proof in § 1983 conspiracy claim).

Plaintiff has not established a conspiracy between defendants Edes and any Jacksonville police officer to violate his rights. Plaintiff emphasizes that he overhead defendant Edes tell defendant Keller that he was tired of "bailing" him out of trouble, but this allegation standing alone does not establish a conspiracy to cover up defendant Keller's alleged unconstitutional conduct. And there is no specific record evidence, beyond plaintiff's conclusory assertions, supporting his claim that defendant Edes instructed Jacksonville police officers to commit perjury. See Hinkle 81 F.3d at 421 (requiring "specific circumstantial evidence" to establish § 1983 conspiracy claim). As to the allegation that defendant Edes intimated plaintiff by referencing his status as a confidential informant during plaintiff's deposition in another case, the allegation does not establish a conspiracy between defendant Edes and any state official to violate plaintiff's rights. Accordingly, plaintiff has not established defendant Edes is a state actor amenable to suit under § 1983.

4.      Defendants City of Jacksonville, Yaniero & Woodruff

Defendant Yaniero is the Jacksonville police chief and defendant Woodruff is the Jacksonville city manager. (Am. Compl. (DE 12) § V). Plaintiff informed both of these defendants about defendant Keller's disclosure that plaintiff was working as a confidential informant, but they did not investigate plaintiff's claims, discipline defendant Keller, or otherwise make any changes in policing policy. (Id.)

Plaintiff's claims against defendants Yaniero and Woodruff are premised on a supervisory liability theory. To establish a supervisory liability claim, plaintiff must show 1) that the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; 2) the supervisor's response was so inadequate as to show deliberate indifference to or tacit authorization of the conduct; and 3) there was an affirmative causal link between the supervisor's inaction and the plaintiff's injury. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff's evidence is not sufficient to establish a claim for supervisory liability against defendants Yaniero or Woodruff. There is no evidence, beyond plaintiff's conclusory assertions, that defendants Yaniero or Woodruff failed to investigate plaintiff's claims, or that such inaction caused plaintiff's injury. See Shaw, 13 F.3d at 799. Defendants Yaniero and Woodruff are therefore entitled to qualified immunity.

Finally, plaintiff is attempting to bring a claim against the City of Jacksonville pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). To establish municipal liability under § 1983, plaintiff must show "the constitutionally offensive acts of [the municipal employees were] taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d

227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694). The existence of such a policy or custom can be established in one of four ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission [on the part of policymaking officials], such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 217 (4th Cir. 1999)).

Plaintiff has not established a Monell claim under the standard set forth above. Plaintiff alleges city officials failed to adequately train officers on the proper procedures for using confidential informants, and cites to defendant Keller's alleged disclosure that plaintiff was working as a confidential informant as support. But there is no record evidence establishing deficiencies in defendant Keller's training, and the fact that defendant Keller allegedly disclosed plaintiff was working as a confidential informant cannot standing alone establish that he was not properly trained. See Carter, 164 F.3d at 218 ("Thus, municipal liability will attach only for those policies or customs having a specific deficiency or deficiencies such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." (quotation omitted)).

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion for summary judgment (DE 77). Plaintiff's claims are dismissed with prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 18th day of March, 2019.

LOUISE W. FLANAGAN
United States District Judge